# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:19-cr-199-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| FREDRICK OTIS WATSON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate

Release/Reduction of Sentence. (Doc. No. 34). Defendant is serving a 37-month sentence after

being convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

922(g)(1). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on a

heart condition and the COVID-19 pandemic. The Government has responded in opposition to

the motion.

## I.       BACKGROUND

Defendant pled guilty to a single count of possession of a firearm by a convicted felon,

in violation of 18 U.S.C. § 922(g)(1). The facts underlying this conviction arose when the North

Carolina Office of Probation and Parole conducted searches of persons on active state probation.

In searching Defendant's residence, they found two firearms in a closet, as well as two, 30-round

magazines, a small amount of marijuana, and a digital scale. (Doc. No. 24 ¶ 12). One of the two

weapons found, a Smith and Wesson model M & P 45, .45 caliber pistol, had been reported

stolen by the Gaston County Police Department. (Id. ¶ 13).

Defendant's criminal history includes other convictions involving firearms and violent

-1-

behavior in North Carolina state court, including possession of a stolen firearm; assault with a deadly weapon on a government official, breaking and entering and larceny after breaking and entering, and possession of a firearm by a felon. Defendant's offense level was 17 and he has a criminal history category of V, resulting in a sentencing guideline range of 46 to 57 months. At sentencing, the Court granted a downward variance due to Defendant's heart problem, sentencing Defendant to 37 months.[1]

Defendant is currently incarcerated at Beckley FCI in Beckley, West Virginia, with a projected release date of December 17, 2022. At Beckley FCI, no inmates are currently positive for COVID-19, 190 current inmates previously tested positive and have recovered, and there have been no COVID-related deaths. www.bop.gov/coronavirus.

On April 6, 2021, Defendant refused the Pfizer-BioNTech vaccine. See (Gov't Ex. 1). On August 18, 2021, Defendant requested a reduction in sentence from the warden because of his concerns about COVID-19 and his heart condition. (Gov't Ex. 2). On August 27, 2021, the warden denied Defendant's request. On September 10, 2021, Defendant filed the pending motion for compassionate release, citing his fears about the COVID-19 virus and his heart condition.

## II.    DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction"

---

[1] Defendant's BOP medical records do not reflect any serious problems with Defendant's heart. However, his Presentence Report noted that Defendant has suffered from bradycardia (slower than normal heartbeat) and cardiomyopathy (disease of heart muscle that makes it difficult for the heart to pump blood to the rest of the body). Because of these conditions, the Court granted Defendant a "physical condition" downward variance at his sentencing.

-2-

and (ii) "such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to

establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896,

899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing

motions for reduction of sentences under § 3582(c)(1)(A).[2] As relevant here, the non-binding

policy statement provides that a court may reduce the term of imprisonment after considering the

§ 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the

reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this

policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical

conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if

the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer,

---

[2] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 981 F.3d 271 (4th Cir. 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 281–83. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at 284. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

-3-

amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C).

Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 981 F.3d 271 (4th Cir. 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been

identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Defendant's request for a sentence reduction will be denied because he has failed to show extraordinary and compelling circumstances warranting his early release from prison. Defendant has refused to be vaccinated. Given this refusal, he cannot show that any susceptibility to COVID-19 caused by his medical condition presents a condition that "substantially diminishes" his ability to provide self-care in prison. See U.S.S.G. § 1B1.13 app. note 1(A)(ii); United States v. Patterson, 2021 WL 1553824, at *3 (W.D.N.C. Apr. 20, 2021) (denying compassionate release where inmate refused vaccine and thus "voluntarily declined to 'provide self-care' and mitigate his risk of a severe COVID-19 infection").

Even if Defendant could show an extraordinary and compelling reason to grant compassionate release, this Court must determine whether the defendant is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed" "to reflect the seriousness of the

offense, [] promote respect for the law, and [] provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," id. § 3553(a)(2). Courts should also consider "the kinds of sentences available," id. § 3553(a)(3), and "the need to avoid unwarranted sentence disparities," id. § 3553(a)(6). Additionally, "the Sentencing Commission has emphasized that a defendant's rehabilitation while incarcerated," by itself, is "insufficient to warrant a sentence reduction." Woolridge, 2021 WL 415131, at *3 (citing U.S.S.G. § 1B1.13 n.3); see 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction.).

Here, the relevant statutory sentencing factors do not support compassionate release for Defendant. The seriousness of Defendant's offense and his significant criminal history weigh heavily against early release. Defendant's underlying conviction involved a firearm, and he possessed two firearms, one of them stolen, and two high-capacity magazines while on state probation. In fact, state probation officers found these firearms were at his residence during a search. Defendant also presents a "serious" risk of recidivism given that he committed this offense after other convictions involving firearms and assaults on other persons. Finally, at sentencing, the Court imposed a sentence of 37 months, below the advisory guideline range of 46 to 57 months. As a result, reducing Defendant's sentence through compassionate release would be inconsistent with the § 3553(a) factors because it would fail to promote respect for the law. See, e.g., Bryant, 2020 WL 7497805, at *6 (finding that compassionate release "would not promote respect for the law" where the defendant "already received a sentence below the recommended advisory guideline range, and ha[d] over one year remaining on that sentence").

-6-

In sum, for all these reasons, the Court denies Defendant's motion. The Court notes that, in light of United States v. McCoy, the Court has made its own independent determination as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). Having thus considered Defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 34), is **DENIED**.

Signed: December 1, 2021

Max O. Cogburn Jr.
United States District Judge